UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **IN RE: YAMAHA MOTOR CORP. RHINO ATV PRODUCTS LIABILITY LITIGATION** | Master File No. 3:09-MD-2016-JBC MDL No. 2016 |
| **THIS DOCUMENT RELATES ONLY TO DIXIE FARRIS, ET AL. V. YAMAHA MOTOR CORP., USA, ET AL. 3:09-CV-126-JBC** | JENNIFER B. COFFMAN, U.S. DISTRICT JUDGE |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the defendants' motion for leave to file a third-party complaint for contribution (R. 29, Case No. 09-126)[1] and the defendants' motion for summary judgment on plaintiff Johnny Farris's loss-of-consortium claim (R. 98). The court will grant the defendants' motion for leave to file a third-party complaint because it is a timely addition of a person whose rights may be involved and does not prejudice the plaintiffs. The court will also grant the defendant's motion for summary judgment.

I.   Background

On June 14, 2006, Dixie Farris allegedly sustained injuries as a result of an accident involving a Yamaha Rhino. She was a passenger in the Rhino at the time of the accident; Kendall Brunk was the driver. Farris and her husband, Johnny

---

[1] The notice of this motion was filed properly in the master case (R. 25) and the individual case (R. 39). This record number refers to the record number of the original motion in the individual case record.

Farris, have brought the instant action against Yamaha Motor Corporation, USA ("YMUS") and Yamaha Motor Co., Ltd. ("YMC").[2] They seek damages incurred as a result of the accident and allege strict liability for product defect, strict liability based on a failure to warn, breach of warranty, negligence, and loss of consortium, all arising from their claims that the Rhino was defectively designed and manufactured.

## II.     Motion for Leave to File Third-Party Complaint

The defendants seek to file a third-party complaint for contribution against Kendall Brunk. Attached to their motion, the defendants have included the proposed third-party complaint. The defendants allege that Brunk was negligent and that his negligence was either the sole or a contributing cause of the plaintiff's injuries. The defendants assert that should they be found liable for Farris's injuries, they are entitled to contribution from Brunk.

A defendant may serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. Pro. 14(a)(1). "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is

---

[2]The plaintiffs originally brought this action against YMUS and Yamaha Motor Manufacturing Corporation of America ("YMMC"). Prior to transfer to this court, the plaintiffs requested voluntary dismissal of claims against YMMC. R. 20. The transferor court dismissed YMMC from the action. *See* R. 25. Also prior to transfer the plaintiffs filed a motion to add YMC, as a defendant. R. 27. This court, noting no objection had been filed by the defendants, granted that motion. R. 124.

held liable to the plaintiff." *Baker v. Moors*, 51 F.R.D. 507, 509 (W.D. Ky. 1971); *see Yap v. Ferguson*, 8 F.R.D. 166, 168 (S.D.N.Y. 1948) ("Where there is a substantive right to indemnification or contribution accruing to defendant as against a third-party defendant, the procedure for its enforcement is to be found in Rule 14 . . . ."); *see also Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003))). The defendants' claims therefore are of the type allowed by Rule 14. *See Amer. Zurich*, 512 F.3d at 805 ("A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim.").

Where, as here, a defendant seeks to file a third-party complaint more than ten days after filing its original answer, it must first request the court's permission. *Id.* "Whether to allow the third-party claim to proceed 'is committed to the discretion of the trial court.'" *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 322 (N.D. Ohio 2008) (quoting *Nipponkoa Ins. Co. v. Ozark Motor Lines, Inc.*, No. 06-CV-447, 2006 WL 2947467, at *3 (M.D. Tenn. 2006)). The motion's timeliness is "an urgent factor governing the exercise of [the court's] discretion." *Stevens v. Lazzarini*, No. 99-CV-1057, 2002 WL 1584277, at *1 (S.D. Ohio March 23, 2002)

(quoting *General Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960)). "[T]imely motions for leave to implead third parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Trane*, 250 F.R.D. at 322 (quoting *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004)).

This case was removed to federal court on August 27, 2008, and the various defendants filed their answers in September of 2008. The defendants filed the instant motion on January 30, 2009, prior to the transfer of the case to this court for inclusion in this multi-district litigation proceeding. *See* R. 29. The plaintiff does not argue that it would be prejudiced by the filing of the third-party complaint at this point in the proceedings. The court therefore concludes the motion is sufficiently timely. *See, e.g.*, *Stevens*, at *1-2 (finding motion for leave to file third-party complaint untimely where filed two months after the deadline for motions to join parties and eight months after the commencement of the suit); *Diar v. Genesco, Inc.*, 102 F.R.D. 288, 289 (N.D. Ohio 1984) (denying motion for leave to file third-party complaint because untimely, where motion filed almost two years after complaint).

The defendants' claims are not "obviously unmeritorious." "Rule 14 is procedural and the substantive rights of a third-party must be determined by applying the appropriate state law." *Brown v. Mason and Dixon Lines, Inc.*, No. 07-CV-712, 2009 WL 196105, at *1 (W.D. Ky. Jan. 26, 2009) (citing *Bryant &*

4

*Johnston Co. v. Morrison*, 193 F.Supp. 804, 805) (E.D. Mich. 1961)). Under Missouri law, when there are joint tortfeasors, each tortfeasor is liable for the harm caused in proportion to its negligence. *See Missouri Pacific R.R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466, 472 (Mo. 1978) (en banc). Missouri courts have made "no distinction between products liability claims and negligence claims insofar as the right to contribution . . . is concerned." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 440 (Mo. 2002) (quoting *Lowe v. Norfolk & W. Ry. Co.*, 753 S.W.2d 891, 895 (Mo. 1988)(en banc)).[3]

The plaintiffs do not object to the substance of the defendants' claims. The plaintiffs argue only that Farris and Brunk were the only witnesses to the accident and have given sworn testimony "stating unequivocally that [Brunk] was not responsible for the injuries sustained by [Farris] in any manner whatsoever." R. 67, p. 5. The plaintiffs' argument goes to the strength of the proof supporting the claims and is "better reserved for a motion to dismiss or motion for summary judgment." *Brown*, at *2 (suggesting that plaintiff's "position that Defendants are unable to establish liability" was not sufficient to oppose defendants' request to file

---

[3]This matter is before this court as a part of a multi-district litigation proceeding. It was removed from state court to the Eastern District of Missouri based on diversity jurisdiction. This court therefore will apply Missouri state law. *See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (observing that "[w]hen analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located" but "[w]hen considering questions of state law, . . . the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation").

third-party complaint).

The court therefore concludes that pursuant to the procedural law of the Sixth Circuit and the substantive law of Missouri, the defendants' motion is proper.

### III. Motion for Summary Judgment on Plaintiff Johnny Farris's Loss of Consortium Claim

The defendants request summary judgment on Johnny Farris's loss-of-consortium claim, and the plaintiffs have not responded. The court cannot grant a motion for summary judgment simply because it is unopposed. *See Rance v. Datavantage Corp.*, No. 06-CV-335, 2008 WL 1899986, at *3 (N.D. Ohio April 28, 2008) (citing *Sutton v. United States*, 1991 WL 590, at *2 n.1 (6th Cir.1991)). Rather, the court must examine the motion to determine whether the moving party has satisfied its burden. *Id.* However, "the trial court is under no obligation to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* (quoting *In re St. Clair Clinic, Inc.*, 1996 WL 6531, at *2 (6th Cir.1996)). The court may rely upon the facts presented by the moving party. *See id.* (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-05 (6th Cir.1992)).

Under Missouri law, "[c]laims for loss of consortium based on spousal injuries sustained prior to married are precluded unless neither spouse is aware of the tortious conduct or injury at the time of the married." *H.R.B. v. J.L.G.*, 913 S.W.2d 92, 96 n.5 (Mo. App. 1995) (citing *Smith v. Paslode Corp.*, 799 F. Supp. 960, 964 (E.D. Mo. 1992)). According to facts gathered by the defendants during

6

discovery and presented in their motion, Johnny Farris was not married to Dixie Farris at the time of the accident and both plaintiffs had knowledge of Dixie Farris's injuries when they married. There is no genuine issue of material fact as to Johnny Farris's claim for loss of consortium, and summary judgment is proper.

### IV. Conclusion

Accordingly, **IT IS ORDERED** that the defendants' motion to file a third-party complaint for contribution (R. 29) is **GRANTED**. The Clerk is directed to file the third-party complaint attached to defendants' motion.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (R. 98) is **GRANTED** as to Johnny Farris's loss-of-consortium claim.

Signed on July 24, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**