UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: YAMAHA MOTOR CORP. RHINO ATV PRODUCTS LIABILITY LITIGATION | Master File No. 3:09-MD-2016-JBC MDL No. 2016 |
| THIS DOCUMENT RELATES TO ALL CASES | JENNIFER B. COFFMAN, U.S. DISTRICT JUDGE |

**MEMORANDUM OPINION AND ORDER**

The defendants having moved for an order permitting the use of a Rhino steering wheel and a replica model Rhino in videotaped depositions to demonstrate accident details (R. 1193), and the plaintiffs having moved to preclude such re-enactments (R. 1211), **IT IS ORDERED** that the plaintiffs' motion is **DENIED** and the defendants' motion is **GRANTED**, but the court will set limits on the use of such deposition demonstrations at trial.

This court will neither **prohibit** nor **require** the use of such simulations at all depositions. Instead, the court will **permit** such demonstrations where they are helpful to clarify testimony, but will limit their use at trial. A court has broad discretion to shape the contours of discovery. *See Waters v. City of Morristown, TN*, 242 F.3d 353, 363 (6th Cir. 2001) (noting "the discovery rules vest broad discretion in the trial court"); *see also* JAMES WM. MOORE ET AL., MANUAL FOR COMPLEX LITIGATION, FOURTH § 11.4 (2004) ("The Federal Rules of Civil Procedure, along with the court's inherent power, provide ample authority for early and

1

ongoing control of discovery in complex litigation.").

While this court acknowledges the potential for videotaped re-enactments using the Rhino steering wheel and model Rhino to confuse or mislead the jury, it will not preclude totally the use of these devices, as the plaintiffs request. Because in some depositions the demonstrations will be relevant and reasonably calculated to lead to the discovery of admissible evidence, Fed. R. Civ. P. 26(b)(1), and because some plaintiffs may be better able to describe accident details through such a re-enactment, this court will not prohibit them completely. Admittedly, in some cases a witness may find it difficult to demonstrate and in so doing to abide by his or her oath to tell the truth. For instance, a witness might hold or turn the steering wheel at slightly different angles in trial than in her deposition, opening herself up to inappropriate impeachment and misleading or confusing the jury or unduly prejudicing a party.

Despite this concern, the presumption of liberal discoverability and the potential benefits of the utilization of demonstrative aids cannot be overlooked. *See* Fed. R. Civ. P. 26(b)(1). If it will assist certain plaintiffs in their presentation and/or aid the defendants' understanding of the facts, the wheel and model may be used during depositions. That said, plaintiffs will not be compelled to re-enact the events surrounding their accidents if they cannot remember those details or if they are unable to do so without guessing at the facts. A deponent who testifies that he or she cannot recall the position of her hands on the wheel before the accident,

for example, will not be required to nonetheless hold the wheel and hypothesize about those details. Counsel shall instruct a deponent not to answer a deposition question only when necessary for one of the three reasons outlined in Fed. R. Civ. P. 30(c)(2): (1) to preserve a privilege, (2) to enforce a limitation ordered by the court, or (3) to present a motion to terminate or limit the deposition under Rule 30(d)(3).

Due to the potential imprecision of demonstrations and the difficulty witnesses may encounter when replicating exactly during trial precisely what they demonstrated during a deposition which occurred months – perhaps years – earlier, deponents should be required to answer all questions verbally and to fully and completely explain the circumstances of their incident with words. Fed. R. Civ. P. 30 contemplates depositions "upon oral examination," and so too this court encourages oral recitations along with any use of the wheel or model. While the demonstrations may help deponents to articulate the facts surrounding their accidents, as well as helping defendants to understand those facts, simulations should not be a substitute for fully developed oral recitations of the incidents the witnesses are attempting to demonstrate. Thus, this court will limit the use of such demonstrations for impeachment at trial.

At trial, such deposition re-enactments may not be used for impeachment purposes, except upon a showing of (1) a compelling need to do so; (2) the trustworthiness, accuracy, and reliability of the deposition re-enactment as

3

"testimony" in compliance with Fed. R. Civ. P. 32(a)(2); and (3) probative value which substantially outweighs the exclusionary factors listed in Fed. R. Evid. 403. *See* Fed. R. Civ. P. 32(a)(2) ("Any party may use a deposition to contradict or impeach the *testimony* given by the deponent as a witness, or for any other purpose allowed by the federal rules of evidence." (emphasis added)).

Significantly for this ruling, the scope of discovery is not limited to admissible evidence; any nonprivileged matter that is relevant, or may lead to something which is relevant, to any party's claim or defense is discoverable. *See Marshall v. Bramer*, 828 F.2d 355, 357-58 (6th Cir. 1987) (discussing a previous version of Fed. R. Civ. P. 26(b)(1)).  It is not now within this court's purview to decide later questions of admissibility at trial of evidence to which such discovery leads.  This transferee court sets only the broad guidelines for trial admissibility, and will not preclude at this juncture those things which a trial judge in a transferor court may later admit.  *See In re Diet Drugs Prods. Liab. Litig.*, No. MDL 1203, 2000 WL 876900, at *8 (E.D. Pa. June 20, 2000) (refusing to preclude certain documents from use in depositions because "there could be differences among [trial judges' determinations] about relevancy, admissibility, and Rule 403 balancing" that are impossible for the transferee court to predict).

Signed on  November 4, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**

4

5